IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01567-LTB-BNB

CHRISTINA GARCIA, pro se,

Plaintiff,

v.

IMANAGE, INC.,
MAHMOOD PANJWANI,
MARK CULHANE, and
RAFIQ MOHAMMADI,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This case was removed from the Denver District Court on August 9, 2006.  Defendant

iManage, Inc., filed a motion to dismiss on September 29, 2006.  [Doc. #12].  I subsequently

ordered the plaintiff to file, on or before December 11, 2006, proof of service against defendants

Panjwani, Culhane, and Mohammadi.  [Doc. # 16, filed 10/4/2006].  The plaintiff did not respond

to my order, and there is no evidence in the record that the plaintiff effected service of the

Summons and Complaint on those defendants.

In addition, the plaintiff failed to comply with Rule 4(m), Fed. R. Civ. P., which provides

in part:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the
> court, upon motion or on its own initiative after notice to the
> plaintiff, shall dismiss the action without prejudice as to that
> defendant or direct that service be effected within a specified time;

provided that if the plaintiff shows good cause for the failure, the
court shall extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on December 7, 2006.[1]

Consequently, I ordered the plaintiff to show cause why this case should not be dismissed
for failure to prosecute, failure to timely effect service of process as required by the Federal Rules
of Civil Procedure, and failure to comply with an Order of this Court.  D.C.COLO.LCivR 41.1.
The plaintiff responded to my show cause order on June 4, 2007.  [Doc. #21].  She states that she
"has exhausted all resources as to locating the Individual Defendants therefore will not be able to
pursue this case against them."  She further states that she "has no objection to dismissing the
complaint as to the Individual Defendants."  Accordingly,

I respectfully RECOMMEND that the Complaint be dismissed as to defendants Panjwani,
Culhane, and Mohammadi.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and
Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file
specific, written objections.  A party's failure to serve and file specific, written objections waives
*de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn,
474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal
questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A
party's objections to this recommendation must be both timely and specific to preserve an issue
for *de novo* review by the district court or for appellate review.  United States v. One Parcel of
Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1]The 120 days has been calculated from the date this case was removed from to this Court,
not from the date the Complaint was filed in state court.

Dated June 11, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge